# REVOLVER NOTE

U.S. $600,000.00

April 23, 2025
Chattanooga, Tennessee

FOR VALUE RECEIVED, the undersigned (the "**Borrower**") hereby unconditionally promises to pay to the order of FirstBank, a Tennessee state bank (together with any subsequent holder hereof, the "**Lender**"), the principal sum of SIX HUNDRED THOUSAND and 00/100 DOLLARS ($600,000.00), or so much thereof as may be advanced from time to time by the Lender, in the manner set forth herein. Borrower likewise unconditionally promises to pay to Lender interest from and after the date hereof on the unpaid principal balance outstanding from time to time at the interest rate(s) specified herein and in the manner set forth herein.

This Revolver Note (including all amendments, modifications and supplements thereto and all substitutions, replacements, restatements, extensions or renewals thereof, the "**Note**") is issued pursuant to, and is the "Note" referred to in the Loan Agreement of even date between Borrower and Lender (including all amendments, modifications and supplements thereto and all substitutions, replacements, restatements, extensions or renewals thereof, the "**Loan Agreement**"), and Lender is and shall be entitled to all benefits thereof and of all Loan Documents executed and delivered in connection therewith. All capitalized terms used herein, unless otherwise defined herein, shall have the meanings ascribed to such terms in the Loan Agreement.

The principal balance of the Loan and this Note shall bear interest at a variable rate (the "**Applicable Rate**") equal to the interest rate designated as the "Prime Rate" in the "Money Rates" table published each Business Day in the Eastern edition of the Wall Street Journal (the "**Index**"), as set on each consecutive Business Day, plus 0.00% per annum. If at any time the Wall Street Journal ceases to publish the Index, Lender will designate an alternative index as a basis for setting the Index. The Index might or might not be the lowest interest rate charged by Lender for commercial or other extensions of credit. The Applicable Rate is subject to change from time to time based on changes in the Index.

This Note shall be due and payable as follows:

(a) on the 23rd day of each consecutive month following the Closing Date, through and including the 23rd day of the month immediately preceding the month of the Maturity Date, Borrower shall pay to Lender all interest accrued on the principal balance of the Loan. The amount of each such payment is subject to change for any change in the Applicable Rate. The first such interest-only payment is due on **May 23, 2025** and the final such interest-only payment is due on **March 23, 2026**; and

(b) on the Maturity Date of **April 23, 2026**, this Note shall mature and Borrower shall pay to Lender an amount equal to all outstanding principal, accrued interest, Lender Expenses and all other Obligations relative to the Loan requiring the payment of money.

Time is of the essence with respect to each obligation of Borrower hereunder. All payments shall be made in Dollars in immediately available funds as specified in the Loan Agreement. Payments scheduled to be made on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month. Any payment applied herein shall be applied to principal, accrued interest, and any fees, Lender Expenses and other charges and expenses (including reasonable attorney's fees, if any) in such order as Lender elects. The principal amount of the Loan made by Lender to Borrower pursuant to the Loan Agreement, and all accrued and unpaid interest thereon, shall be deemed outstanding under this Note and shall continue to be owing by Borrower until paid in accordance with the terms of this Note and the Loan Agreement.

This Note shall, at Lender's option and without prior notice, be due and payable in full upon the occurrence of an Event of Default. Presentment and notice of default are hereby waived by Borrower. Upon the maturity and nonpayment hereof, Lender may utilize any remedies available under any Loan Document or applicable law or equity. No failure to accelerate the maturity of this Note by reason of an Event of Default, no acceptance of a past-due installment, nor any other indulgence granted from time to time shall be construed (a) as a novation of or amendment to this Note, (b) as a waiver of such right of acceleration or of the right of Lender thereafter to insist upon strict compliance with the terms of this Note and any Loan Document, or (c) as barring the exercise of such right of acceleration or any other right granted hereunder, under any Loan Document, or by applicable laws, all such rights being continuing ones. Upon and after the occurrence of an Event of Default and during the continuation thereof, the principal balance of this Note shall bear interest at the Default Rate; provided that the Default Rate shall not accrue subsequent to a payment default until the 30th day after the applicable due date of any missed payment; provided further that commencing on the 11th day after the applicable due date of any missed payment, the Late Charge shall accrue on the amount of such missed payment and shall be paid by Borrower to Lender on demand.

This Note may be freely transferred by Lender. Furthermore, for the purpose of determining the rights and obligations of Borrower and Lender regarding this Note, it shall be deemed a negotiable instrument under the Uniform Commercial Code, as incorporated into applicable state law. If this Note evidences, in whole or in part, a renewal, extension or refinancing of a prior obligation of Borrower, it shall not be deemed a novation, satisfaction, or payment of such prior obligation.

Borrower will pay, upon demand, all reasonable attorneys' fees, expenses, court costs, recording or filing fees and all other costs of whatever kind incident to the collection, enforcement, protection and defense of, and the exercise of Lender's rights under or respecting, this Note and all Loan Documents, including any and all fees, expenses, and costs arising out of any action or counterclaim brought against Lender in connection herewith.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto; and, in the event of any such payment inadvertently paid by Borrower or inadvertently received by Lender, such excess sum shall be, at Borrower's option, returned to Borrower forthwith or credited as a payment of principal, but shall not be applied to the payment of interest. It is the intent hereof that Borrower not pay or contract to pay, and that Lender not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Borrower under applicable law.

To the fullest extent permitted by applicable law, Borrower, for itself and its legal representatives, successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, notice of non-payment, notice of maturity, notice of protest, presentment for the purpose of accelerating maturity, diligence in collection, the benefit of any exemption or insolvency laws and any and all defenses based on suretyship or impairment of Collateral, and consents to any and all extensions, renewals and modifications hereof.

This Note has been negotiated, executed and delivered, and shall be deemed to have been made, in Chattanooga, Tennessee, and shall be governed by and construed in accordance with the internal laws (but without regard to conflict of law provisions) of the State of Tennessee.

Wherever possible each provision of this Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as an acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any Collateral securing this Note without Lender enforcing its rights against Borrower, any Guarantor of the indebtedness evidenced hereby or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any Collateral securing this Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Note.

If more than one party shall execute this Note, the term "Borrower" shall mean all parties signing, and each or either of them, all of whom shall be jointly and severally liable hereunder, and each agreement and obligation of Borrower shall be and mean the several as well as joint undertaking of each of them. All personal pronouns used in this Note, whether used in the masculine, feminine or neuter gender, shall include all other genders, the singular shall include the plural, and vice versa. The provisions of this Note may be amended or waived only by written instrument signed by the Lender and Borrower. All prior discussions and agreements concerning the subject matter set forth in this Note are merged herein. Except as may be otherwise specified in any Loan Document; any references herein to time periods are intended as references to calendar days, as opposed to business days; and any notice by Lender to Borrower in connection herewith shall be deemed given when sent by Lender to the last known address of Borrower (or any Borrower, if more than one), as shown in the Loan Agreement. Captions are included herein solely for the purposes of convenience and shall have no bearing on the interpretation or construction of this Note.

**BORROWER IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY COURT IN ANY ACTION (A) LENDER BRINGS TO COLLECT AMOUNTS OWED TO LENDER UNDER THIS NOTE; (B) ALLEGING THAT LENDER HAS (I) BREACHED THIS NOTE OR ANY NOTE MODIFIED OR EXTENDED BY THIS NOTE, (II) HAS BREACHED ANY AGREEMENT RELATING TO AN EXTENSION OF CREDIT TO BORROWER, (III) HAS BREACHED ANY OTHER AGREEMENT, EXPRESS OR IMPLIED, (IV) LENDER OR ANY OF ITS OFFICERS, EMPLOYEES, REPRESENTATIVES OR AGENTS HAVE ACTED WRONGFULLY, NEGLIGENTLY, OR OTHERWISE TORTIOUSLY, WITH RESPECT TO ANY BORROWER, CO-BORROWER, ENDORSER, OR GUARANTOR; OR (C) BETWEEN THE LENDER AND BORROWER. THIS WAIVER OF TRIAL BY JURY DOES NOT WAIVE BORROWER OR LENDER'S RIGHT TO BRING A LAWSUIT THAT A JUDGE, WITHOUT A JURY, WOULD DECIDE.**

The principal balance of this Note may be prepaid in whole or part without penalty, provided, however that if a Rate Management Agreement is in effect with respect to the Loan, any prepayment, in whole or part, may result in either a net gain or loss to Borrower based on the then existing market conditions at the time of early termination. So long as any Rate Management Agreement is in effect with respect to the Loan, any prepayment of this Note in whole or in part shall be governed by the terms of such Rate Management Agreement. All Rate Management Agreements, if any, between Borrower and Lender or any of its affiliates are independent agreements and governed by the written provisions of said Rate Management Agreements, which will remain in full force and effect, unaffected by any repayment, prepayment, acceleration, reduction, increase or change in the terms of this Note, except as otherwise expressly provided in said Rate Management Agreements, and any payoff statement from Lender relating to this Note shall not apply to said Rate Management Agreements, except as otherwise expressly provided

in such payoff statement. Any penalty, fee or expenditure resulting from any Rate Management Agreement, even if incurred by or paid by the Lender on behalf of the Borrower, shall be the responsibility of the Borrower and included in the indebtedness evidenced by this Note and the Loan Documents.

[SIGNATURE ON FOLLOWING PAGE]

IN WITNESS WHEREOF, Borrower has caused this Note to be executed and delivered by its duly authorized officer on the date first above written.

**BORROWER:**

LYNSKEY PERFORMANCE PRODUCTS, LLC,
a Tennessee limited liability company

By: ______________________
Name: MARK LYNSKEY
Title: MEMBER LLC