**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| **In re:** )<br><br>)<br>**LYNSKEY PERFORMANCE** )<br>**PRODUCTS, LLC,** )<br><br>)<br>**Debtor.** ) | **Case Number  1:26-bk-11156 NWW**<br><br>**Chapter 11** |

**OBJECTION TO DEBTOR'S EMERGENCY
MOTION FOR ORDER AUTHORIZING PAYMENT OF CRITICAL VENDORS**

FirstBank ("Lender"), by and through its undersigned counsel, hereby objects to the *Emergency Motion for order Authorizing Payment of Critical Vendors* (the "Motion") filed by Lynskey Performance Products, LLC (the "Debtor") on May 7, 2026 [Docket No. 25]. In support of its Objection, Lender states the following:

**JURISDICTION**

1.      This Court has jurisdiction over the matters in this motion pursuant to 28 U.S.C. §§ 157 and 1334 and such matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(M).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Lender has served a copy of this Objection on counsel for the Debtor, the U.S. Trustee, and all other parties receiving CM/ECF notice in this case.

**BACKGROUND**

4.      On April 30, 2026 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      Lender has a perfected, first-priority lien and security interest in all of the Debtor's assets, including, without limitation, the Debtor's accounts, equipment, inventory, and all proceeds thereof.

1

6.      As of the Petition Date, the Debtor is indebted to Lender in an amount not less than $1,221,419.60 under the Term Loan Documents[1] (exclusive of attorneys' fees, expenses and costs) and in an amount not less than $588,374.80 under the Revolver Loan Documents (exclusive of attorneys' fees, expenses and costs).

**OBJECTION**

7.      Section 363(a) of the Bankruptcy Code defines "cash collateral" to include the cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest, and includes the proceeds, products, offspring, rents, and profits of property subject to a pre-petition security interest as provided in Section 552(b) of the Bankruptcy Code.  *See* 11 U.S.C. § 363(a).

8.      As evidenced by the Loan Documents, Lender has a perfected, first-priority lien and security interest in all of the Debtor's assets, including, without limitation, the Debtor's accounts, equipment, inventory, and all proceeds thereof.   Accordingly, in addition to the cash collateral which existed as of the Petition Date, the cash receipts and proceeds generated from the Debtor's post-petition operation and use of Lender's Collateral constitute "proceeds, products, offspring, rents and profits", thus constituting "cash collateral" as defined in Section 363(a) of the Bankruptcy Code (collectively, the "Cash Collateral").

9.      Pursuant to 363(b)(1) of the Bankruptcy Code, a bankruptcy court may authorize a debtor to pay prepetition claims of critical vendors only after the debtor has demonstrated a factual record that demonstrates such relief is necessary and that disfavored creditors would benefit be benefitted by the requested relief. 11 U.S.C. §363(b)(1). *See In re Kmart Corp.*, 359 F.3d 866, 873 (7th Cir. 2004).

---

[1]    Capitalized terms not defined herein shall have the meaning ascribed to such terms in Lender's Objection to Debtor's Motion for Conditional Use of Cash Collateral.

10.     Motions for authority to pay prepetition claims of critical vendors must present evidence that:

(i) explains in detail the goods or services each critical vendor supplies;

(ii) describes why the relevant goods or services are critical and unique to the debtor's business and the harm the debtor will face if the goods and services are not received;

(iii) provides information regarding the debtor's inability to obtain such goods or services from an alternative source;

(iv) provides facts establishing each relevant vendor's refusal to provide continued goods or services absent payment of its prepetition debt;

(v) ensures that each proposed critical vendor will only be paid on its prepetition claim if it agrees to provide the same goods and services to the debtors on prepetition terms; and

(vi) sets forth the maximum amount of funds the debtor proposes to pay each critical vendor on account of prepetition claims.

*See generally In re Kmart Corp.*, 359 F.3d 866 (7th Cir. 2004).

11.     The Motion is unclear whether the Debtor seeks relief to pay critical vendors on account of their prepetition claims or whether the Debtor seeks authorization for cash on delivery for post-petition claims only. [Doc. 25, ¶ 5, 6 and 7].

12.     To the extent the Motion seeks to pay critical vendors on account on their prepetition claims, the Motion lacks evidence to meet the standard outlined in *K-Mart.*

a)  The Motion does not describe in detail the goods and services provided by the critical vendors. [Doc. 25, ¶ 5(a)].

b)  The Motion fails to adequately specify how the vendors are critical to the Debtor's business and why payment is necessary to prevent harm.

c)  The Motion provides no information on the Debtor's inability to find alternative sources for goods and services provided by the critical vendors.

d) The Motion does not specify the timing or the source of funds to which the Debtor intends to make such payments.

e) The Motion fails to ensure that critical vendors to receive the proposed payments have agreed to continue the same goods and services to the Debtor on prepetition terms.

f) The Motion is unclear with respect to a maximum amount for the proposed payments on account of the critical vendors prepetition claims and merely lists the outstanding balance. [Doc. 25, ¶ 5].

13.    For the reasons set forth above, Lender objects to the Debtor's request to pay prepetition claims of critical vendors. Without more factual evidence to establish payment of critical vendor prepetition claims would benefit the estate, the Motion should be denied.

WHEREFORE, Lender respectfully requests that the Court enter an Order denying the Debtor's request to pay critical vendors and providing such other and further relief as is just and appropriate.

DATED: May 15, 2026.

Respectfully submitted,

/s/ *Taylor C. Davis*
Taylor C. Davis
**BRADLEY ARANT BOULT CUMMINGS LLP**
1221 Broadway Ave, Suite 2400
Nashville, TN 37203
Phone: (615) 252-4641
E-mail:tdavis@bradley.com

*Attorneys for FirstBank*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 15th of May, 2026 the foregoing has been served (i) electronically to all parties consenting to electronic service via the Court's CM/ECF system; (ii) by U.S. Mail to all parties listed on the attached mailing matrix; and (iii) by email to the following:

***Attorney for Debtor***
W. Thomas Bible, Jr.
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421

***Counsel for the U.S. Trustee***
David Holesinger
Historic U.S. Courthouse
31 East 11th Street 4th Floor
Chattanooga, TN 37402

And on the parties listed below via U.S. Mail:

***Debtor***
Lynskey Performance Products, LLC
3911 Volunteer Drive
Chattanooga, TN 37416

*/s/ Taylor C. Davis*
Taylor C. Davis